UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BULLION EXCHANGE LLC, <br><br>                                    Bullion Exchange, <br><br> v. <br><br> BULLION SHARK, LLC and EKATERINA OVODOVA, <br><br>                                    Defendants. | Case No. 23-CV-00467 (DG) <br><br> **ORDER TO SHOW CAUSE** |

Upon the annexed Complaint by Plaintiff Bullion Exchange LLC ("Bullion Exchange" or "Plaintiff"), dated January 22, 2024, the Declaration of Stephen E. Turman, Esq., dated January 23, 2024, the Declaration of Ernest Gozenput, dated January 18, 2024, the Declaration of Steven Kogan, dated November 28, 2023, and the supporting Memorandum of Law, dated January 23, 2024, and this Court finding that it has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this action arises under the laws of the United States, specifically the Defend Trade Secrets Act of 2016 (DTSA), 18 U.S.C. § 1836 et seq.; and the Court further finding that it has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367;

**LET** the defendants, Bullion Shark, LLC ("Bullion Shark") and Ekaterina Ovodova ("Ovodova") (Bullion Shark and Ovodova shall be referred to collectively as the "Defendants"), show cause before_____, of this Court to be held at the courthouse thereof, located at 100 Federal Plaza, Central Islip, NY 11722, on the ____ day of _____, 2024, at ___ am/pm, or as soon thereafter as counsel can be heard, why an order should not be issued:

    (a)    Pursuant to Fed. R. Civ. P. 65 and 18 U.S.C. § 1836(b)(3), preliminarily enjoining Defendants and any persons or entities acting in concert with or on behalf of Defendants, from using, selling, distributing or otherwise benefiting from Bullion Exchange's trade secrets and proprietary information, including, without

1

        limitation, Bullion Exchange's customer lists, the identity and contact information of Bullion Exchange's customers, or any other information regarding Bullion Exchange's customers, transactions, financial information, market research, pricing information, or any derivative works, materials, documents, strategies or information created by Defendants or on Defendants' behalf using Bullion Exchange's trade secrets and proprietary information, all of which constitute Bullion Exchange's trade secrets (the "Trade Secrets");

(b)    enjoining Defendants and any persons or entities acting in concert with or on behalf of Defendants from contacting or transacting any business with any customers discovered by Defendants through the use of Bullion Exchange's Trade Secrets;

(c)    directing Defendants to return all documents in Defendants' possession, custody, and control that constitute Bullion Exchange's Trade Secrets;

(d)    directing Defendants to identify in writing and make available to a forensic information technology expert retained by Bullion Exchange (the "Forensic IT Specialist") for inspection of all physical and cloud-based electronic storage devices ("ESDs") used by or that could be used by Defendants to store electronically stored information ("ESI") with sufficient permissions and password access to enable the Forensic IT Specialist to: (i) identify and copy ESI containing Trade Secrets; and (ii) store Defendants' ESI containing Trade Secrets on a secure electronic repository hosted by the Forensic IT Specialist;

(e)    directing that, after all ESI found on Defendants' electronic storage devices is copied and saved to a secure electronic repository, all ESI stored on Defendants' electronic storage devices containing or derived from Plaintiff's Trade Secrets shall be permanently destroyed by Defendants so that such ESI cannot be accessed and/or used by Defendants in the operation of their business(es). The Defendants shall propose a plan for the safe, but permanent, destruction of ESI containing Trade Secrets to ensure this data cannot be restored and used by Defendants in the future (the "Destruction Plan"). The Destruction Plan proposed by Defendants shall be subject to Bullion Exchange's approval. If the parties cannot agree on the Destruction Plan within thirty (30) days of Defendants' proposal of the Destruction Plan, the Defendants shall move within (10) days for this Court's approval of their Destruction Plan and the sufficiency of the Destruction Plan shall be determined by the Court after all parties have been heard;

(f)    directing Defendants, upon approval of a Destruction Plan, to destroy all ESI containing Trade Secrets or derived from Trade Secrets. Bullion Exchange's Forensic IT Specialist shall be given a reasonable opportunity to observe the implementation of Defendants' Destruction Plan and shall have an opportunity to inspect Defendants' ESDs to confirm that all ESI containing or derived from Trade Secrets has been destroyed as provided in the Destruction Plan;

(g)    directing Ovodova and an officer or director of Bullion Shark to provide declarations under penalty of perjury: (i) confirming all physical documents

containing or derived from Trade Secrets have been returned to Bullion Exchange; (ii) describing the steps taken by Defendants to identify and return all physical documents containing Trade Secrets; (iii) describing all steps taken by Defendants to identify all electronic storage devices that contain or could contain ESI containing Trade Secrets; and (iv) confirming that Defendants have fully complied with all obligations concerning ESI containing Trade Secrets as directed by the Court herein;

(h) directing the Defendants to pay the full cost for preserving all ESI containing Trade Secrets in the secure electronic repository; and it is further

**ORDERED**, that Defendants and any persons or entities acting in concert with Defendants are, pending the Court's determination of this motion, temporarily restrained and directed as follows:

(a) Defendants are temporarily restrained from using, disseminating, or otherwise benefitting in any way from Bullion Exchange's Trade Secrets;

(b) Defendants are temporarily restrained from continuing to contact or transact business with any customers Defendants discovered through the use of Bullion Exchange's Trade Secrets;

(c) Defendants are temporarily restrained from contacting any of Bullion Exchange's employees for the purpose of soliciting them to leave the employment of Bullion Exchange; and

(d) Defendants are temporarily restrained from taking any actions that may, directly or indirectly, result in further violations of the Defend Trade Secrets Act, including Defendants' continued use of the Trade Secrets and Defendants' continued unfair competition with Bullion Exchange; and it is further

**ORDERED**, that pursuant to 18 U.S.C. § 1836 and Fed R. Civ. P. 65, and given the irreparable harm for which monetary damages would be insufficient to make Bullion Exchange whole due to the unique nature of the trade secrets at issue, this Court preliminarily finds the Defendants are not be unduly burdened by a waiver of the bond requirement pending the hearing

3

of this motion and the issuance of further order(s) by this Court; and it is further

**ORDERED**, Bullion Exchange shall be permitted to conduct discovery on an expedited basis, including obtaining documents from Defendants, and taking depositions in aid of the requested injunctive relief; and it is further

**ORDERED** that service of a copy of this Order, along with the papers upon which it is based (including the Complaint), shall be made upon Defendant Bullion Shark, LLC, by email to their counsel, Emanuel Kataev, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042-1073, via electronic mail at emanuel@mllaborlaw.com on or before the _____ day of _____, 2024, who has agreed to accept service on behalf of the Defendants, and such service shall be deemed good and sufficient; and it is further

**ORDERED** that service of a copy of this Order, along with the papers upon which it is based (including the Complaint), shall be made upon Defendant Ekaterina Ovodova at her place of work, Bullion Shark, LLC, 400 Post Avenue, Suite 103, Westbury, NY 11590, by overnight mail so that the papers will be received on or before the _____, day of _____, 2024, with such service being deemed good and sufficient; and it is further

**ORDERED** that answering papers, if any, shall be served on Bullion Exchange's counsel, Stephen E. Turman, Esq., Turman Legal Solutions PLLC, 626 RXR Plaza, Uniondale, NY 11556, via ECF and electronic mail at sturman@turmanlegal.com on or before the 9th day of February, 2024; and it is further

**ORDERED** that reply papers, if any, shall be electronically filed and served on Defendants' counsel via ECF and electronic mail on or before the _____ day of _____, 2024.

Dated:                                              **SO ORDERED:**

                                                    _____
                                                                              , U.S.D.J.