# EXHIBIT A



**Stephen E. Turman**
Member
NY & NJ Bars
Email:  sturman@turmanlegal.com

November 27, 2023

**VIA EMAIL (emanuel@mllaborlaw.com)**

Emanuel Kataev, Esq.
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042

   Re: ***Bullion Exchange LLC v. Bullion Shark, LLC and Ekaterina Ovodova***

Dear Mr. Kataev,

  This Firm is counsel for Bullion Exchange LLC ("Bullion Exchange") with respect to the above referenced matter.  I am advised that you are currently counsel to Bullion Shark, LLC ("Bullion Shark").  I am writing to inform you of Bullion Exchange's intent to file a complaint against Bullion Shark and Ekaterina Ovodova ("Ovodova"), Bullion Shark's Head of eCommerce, in the United States District Court for the Eastern District of New York.  Contemporaneous with the filing the Complaint, Bullion Exchange also intends to move by Order to Show Cause for a temporary restraining order and a preliminary injunction to restrain and enjoin Bullion Shark and Ovodova (collectively, the "Defendants") from using trade secrets they misappropriated from Bullion Exchange, including Bullion Exchange's marketing strategies and customer lists.  As a courtesy, please find enclosed a draft of the proposed Order to Show Cause.

  In August 2023, Ovodova, while employed as the Director of Marketing for Bullion Exchange, entered into an inappropriate business relationship with Bullion Shark.  Between August 24-25, 2023, Ovodova created a marketing strategy for Bullion Shark using Bullion Exchange's marketing strategy as a starting point.  Ovodova changed Bullion Exchange's name on the document to Bullion Shark, leaving Bullion Exchange's proprietary data unchanged.  For those sections of the marketing strategy that refer to specific products, Ovodova adapted the marketing strategy to refer to Bullion Shark's products in place of Bullion Exchange's products.

  To make matters worse, on September 6, 2023, Ovodova made unauthorized copies of Bullion Exchange's customer lists that she saved to the desktop on her workstation found in



Emanuel Kataev, Esq.
November 27, 2023
Page 2

Bullion Exchange's office. She attached those customer lists to an email she created using her company email account, which she then sent to her personal email account. Ovodova attempted to conceal her actions by deleting her sent emails from her company account, her company Google Drive, and other electronic records of her transactions using company accounts. On September 7, 2023 (the day after she misappropriated Bullion Exchange's customer lists), Ovodova notified Bullion Exchange that she was resigning as of September 15, 2023 to take a marketing position outside of Bullion Exchange's industry. In October 2023, Bullion Exchange discovered that Ovodova is actually employed as Head of eCommerce for Bullion Shark. This discovery prompted Bullion Exchange to conduct an investigation during which it discovered that Defendants were part of a scheme to misappropriate Bullion Exchange's confidential information and trade secrets.

Based on these allegations, Bullion Exchange intends to assert causes of action against the Defendants for the misappropriation of its trade secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq., and under New York state law, including state law claims for misappropriation of trade secrets, unfair competition, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment. Based on the foregoing claims, Bullion Exchange is entitled to injunctive relief pursuant to 18 U.S.C. § 1836 and Fed. R. Civ. P. 65.

We trust that you will advise your clients of the seriousness of this impending legal action. We also ask if you will agree to accept service of the complaint, order to show cause and all related documents on the Defendants' behalf.

We are prepared to discuss this matter further should you wish to do so. Please confirm that you will accept service on behalf of Bullion Shark and Ovodova by the end of Business on November 29, 2023. Thank you for your prompt attention to this matter.

Very truly yours,

*Stephen Turman*

Stephen E. Turman

(Enclosures)

626 RXR Plaza, 6th Floor, Uniondale, NY, 11556 | Main: +1.516.266.6101 | Fax: +1.516.260.6446
www.turmanlegalsolutions.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BULLION EXCHANGE LLC, <br><br> Bullion Exchange, <br><br> v. <br><br> BULLION SHARK, LLC and EKATERINA OVODOVA, <br><br> Defendants. | Case No. <br><br> **ORDER TO SHOW CAUSE** |

Upon the annexed Complaint by Plaintiff Bullion Exchange LLC ("Bullion Exchange" or "Plaintiff"), the declarations of Stephen E. Turman, Esq., Ernest Gozenput, and Steven Kogan, and the annexed Memorandum of Law in support, and this Court finding that it has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this action arises under the laws of the United States, specifically the Defend Trade Secrets Act of 2016 (DTSA), 18 U.S.C. § 1836 et seq., that provides for federal jurisdiction over claims of misappropriation of trade secrets that are related to a product or service used in, or intended for use in, interstate or foreign commerce;

**LET** the defendants, Bullion Shark, LLC ("Bullion Shark") and Ekaterina Ovodova ("Ovodova") (Bullion Shark and Ovodova shall be referred to collectively as the "Defendants"), show cause before_____, of this Court to be held at the courthouse thereof, located at 100 Federal Plaza, Central Islip, NY 11722, on the _____ day of _____, 2023 at _____ o'clock in the ___ of that day, or as soon thereafter as counsel can be heard, why an order should not be issued:

(a) preliminarily enjoining Defendants and any persons or entities acting in concert with or on behalf of Defendants, from using, selling, distributing or otherwise benefiting from

1

Bullion Exchange's trade secrets and proprietary information, including, without limitation, Bullion Exchange's customer lists, the identity and contact information of Bullion Exchange's customers, or any other information regarding Bullion Exchange's customers, transactions, financial information, market research, pricing information, or any derivative works, materials, documents, strategies or information created by Defendants or on Defendants' behalf using Bullion Exchange's trade secrets and proprietary information, all of which constitute Bullion Exchange's trade secrets (the "Trade Secrets");

(b) enjoining Defendants and any persons or entities acting in concert with or on behalf of Defendants from contacting or transacting any business with any customers discovered by Defendants through the use of Bullion Exchange's Trade Secrets;

(c) directing Defendants to return all physical documents in Defendants' possession, custody, and control that constitute Bullion Exchange's Trade Secrets;

(d) directing Defendants to identify in writing and make available to an independent forensic information technology expert retained by Bullion Exchange (the "Forensic IT Specialist") for inspection of all physical and cloud-based electronic storage devices used by or that could be used by Defendants to store electronically stored information ("ESI") with sufficient permissions and password access to enable the Forensic IT Specialist to: (i) identify ESI containing Trade Secrets; (ii) copy ESI containing Trade Secrets; (iii) store copied ESI containing Trade Secrets on a secure electronic repository hosted by an independent non-party for use as evidence in this proceeding or any related legal proceeding between these parties. The Defendants shall pay the full cost for preserving all ESI containing Trade Secrets in the secure electronic repository;

(e) directing that, after all ESI found on Defendants' electronic storage devices is copied and saved to a secure electronic repository, all ESI stored on Defendants' electronic

storage devices containing Trade Secrets shall be permanently destroyed by Defendants so that such ESI cannot be accessed and/or used by Defendants in the operation of their business(es). To facilitate the destruction of this data, Defendants shall propose a plan for the safe but permanent destruction of ESI containing Trade Secrets to ensure this data cannot be restored and used by Defendants in the future (the "Destruction Plan"). The Destruction Plan proposed by Defendants shall be subject to Bullion Exchange's approval. If the parties cannot agree on the Destruction Plan within thirty (30) days of Defendants' proposal of the Destruction Plan, the Defendants shall move before this Court for approval of their Destruction Plan and the sufficiency of the Destruction Plan shall be determined by the Court after all parties have been heard;

(f) Upon approval of a Destruction Plan, directing Defendants to destroy the ESI containing Trade Secrets so that it cannot be restored or used by Defendants in the future as provided in the Plan. Bullion Exchange's Forensic IT Specialist shall be given a reasonable opportunity to observe the implementation of Defendants' Destruction Plan and shall have an opportunity to inspect Defendants' electronic storage devices to confirm that all ESI containing Trade Secrets has been destroyed as provided in the Destruction Plan;

(g) directing Ovodova and an officer or director of Bullion Shark to provide declarations under penalty of perjury: (i) confirming all physical documents containing or derived from Trade Secrets have been returned to Bullion Exchange; (ii) describing the steps taken by Defendants to identify and return all physical documents containing Trade Secrets; (iii) describing all steps taken by Defendants to identify all electronic storage devices that contain or could contain ESI containing Trade Secrets; and (iv) confirming that Defendants have fully complied with all obligations concerning ESI containing Trade Secrets as directed by the Court herein;

3

(h) restraining and enjoining Defendants from, directly or indirectly, engaging in further violations of the Defend Trade Secrets Act, including the use of Bullion Exchange's Trade Secrets or any derivative works created using Bullion Exchange's Trade Secrets; and

(i) enjoining Defendants from contacting any of Bullion Exchange's employees to solicit them to leave the employment of Bullion Exchange; and it is hereby

**ORDERED**, that Defendants and any persons or entities acting in concert with Defendants are hereby temporarily restrained and directed as follows:

(a) Defendants are temporarily restrained from using, selling, distributing Bullion Exchange's Trade Secrets or otherwise benefiting in any manner whatsoever from the Trade Secrets;

(b) Defendants are temporarily restrained from continuing to contact or transact business with any customers Defendants discovered through the use of Bullion Exchange's Trade Secrets;

(c) Defendants are temporarily restrained from contacting any of Bullion Exchange's employees to solicit them to leave the employment of Bullion Exchange;

(d) Defendants are directed to return all physical documents in Defendants' possession, custody and control that constitute Bullion Exchange's Trade Secrets;

(e) Defendants are directed to identify in writing and make available to a Forensic IT Specialist retained by Bullion Exchange for the inspection of all physical and cloud-based electronic storage devices used by or that could be used by Defendants to store ESI with sufficient permissions and password access to enable the Forensic IT Specialist to: (i) identify all ESI containing Trade Secrets; (ii) copy all ESI containing Trade Secrets; (iii) store all copied ESI containing Trade Secrets on a secure electronic repository hosted by an independent non-party for use as evidence in this proceeding or any related legal proceeding between these parties. The

Defendants shall pay the full cost for preserving all ESI containing Trade Secrets in the secure electronic repository;

(f) After all ESI found on Defendants' electronic storage devices is copied and saved to a secure electronic repository, all ESI stored on Defendants' electronic storage devices containing Trade Secrets shall be permanently destroyed by Defendants so that such ESI cannot be accessed and/or used by Defendants in the operation of their business. To facilitate the destruction of this data, Defendants shall propose a Destruction Plan for the safe but permanent destruction of ESI containing Trade Secrets to ensure this Bullion Exchange's Trade Secrets cannot be restored and used by Defendants in the future. The Destruction Plan proposed by Defendants shall be subject to Bullion Exchange's approval. If the parties cannot agree on the Destruction Plan within thirty (30) days of Defendants' proposal of the Destruction Plan, the Defendants shall move before this Court for approval of their Destruction Plan and the sufficiency of the Destruction Plan shall be determined by the Court after all parties have been heard;

(g) Upon approval of a Destruction Plan, Defendants shall destroy the ESI containing Trade Secrets so that it cannot be restored or used by Defendants in the future as provided in the Plan. Bullion Exchange's Forensic IT Specialist shall be given a reasonable opportunity to observe the implementation of Defendants' Destruction Plan and shall have an opportunity to inspect Defendants' electronic storage devices to confirm that all ESI containing Trade Secrets has been destroyed as provided in the Destruction Plan;

(h) Ovodova and an officer or director of Bullion Shark are directed to provide declarations under penalty of perjury: (i) confirming all physical documents containing or derived from Trade Secrets have been returned to Bullion Exchange; (ii) describing the steps taken by Defendants to identify and return all physical documents containing Trade Secrets; (iii) describing all steps taken by Defendants to identify all electronic storage devices that contain or could contain

5

ESI containing Trade Secrets; and (iv) confirming that Defendants have fully complied with all obligations concerning ESI containing Trade Secrets as directed by the Court herein;

(i) from taking any actions that may, directly or indirectly, result in further violations of the Defend Trade Secrets Act, including Defendants' continued use of the Trade Secrets and Defendants' continued unfair competition with Bullion Exchange; and it is further

**ORDERED**, that pursuant to 18 U.S.C. § 1836 and Fed R. Civ. P. 65, and given the irreparable harm for which monetary damages would be insufficient to make Bullion Exchange whole due to the unique nature of the trade secrets at issue, this Court preliminarily finds the Defendants will not be unduly burdened by a waiver of the bond requirement pending the hearing of this motion, the determination of this application, and the issuance of a further order by this Court; and it is further

**ORDERED**, Bullion Exchange shall be permitted to conduct discovery on an expedited basis, including obtaining documents from Defendants, and taking depositions in aid of the requested injunctive relief; and it is further

**ORDERED** that service by email and overnight mail of a copy of this Order, along with the papers upon which it is based, shall be made upon Defendants by email to their counsel, Emanuel Kataev, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042-1073, via electronic mail at emanuel@mllaborlaw.com on or before the _____ day of _____, 2023, who has agreed to accept service, and such service shall be deemed good and sufficient; and it is further

**ORDERED** that answering papers, if any, shall be served on Bullion Exchange's counsel, Stephen E. Turman, Esq., Turman Legal Solutions PLLC, 626 RXR Plaza, Uniondale, NY 11556, via ECF and electronic mail at sturman@turmanlegal.com on or before the _____ day of _____, 2023; and it is further

6

**ORDERED** that reply papers, if any, shall be electronically filed and served on Defendants' counsel on or before the _____ day of _, 2023.

Dated:                              **SO ORDERED:**

                                                                    , U.S.D.J.