```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
```
BULLION EXCHANGE LLC,

                Plaintiff,

        - against -

BULLION SHARK, LLC and EKATERINA OVODOVA,

                Defendants.
```
----------------------------------------------------------------X
```

Case No.: 2:24-cv-467 (DG)(JMW)

**DECLARATION OF KYLE F. MONAGHAN, ESQ. IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND <u>PRELIMINARY INJUNCTION</u>**

Kyle F. Monaghan, Esq., declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am admitted to practice before this Court and am an associate of Milman Labuda Law Group PLLC, attorneys for the Defendant Bullion Shark, LLC ("Defendant Shark") in this case.

2. As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of the file maintained by this office.

3. The above-entitled case was brought by Plaintiff, Bullion Exchange LLC ("Plaintiff"), for the purpose of, *inter alia*, obtaining a temporary restraining order and a preliminary injunction, for alleged violations of the Defend Trade Secrets Act and various other causes of action pursuant to New York State law.

4. Plaintiff seeks an order from the Court (i) preliminarily enjoining Defendants from "using, selling, distributing or otherwise benefiting from Bullion Exchange's trade secrets and proprietary information"; (ii) preliminarily enjoining Defendants from "contacting or transacting any business with any customers discovered by Defendants through the use of Bullion Exchange's Trade Secrets"; (iii) "directing Defendants to return all documents in

Defendants' possession, custody, and control that constitute Bullion Exchange's Trade Secrets; (iv) directing Defendants to identify and provide ESI on Defendants' electronic storage devices that contain or derived from Plaintiff's Trade Secrets, and destroying such information; (v) directing Defendant Ekaterina Ovodova and a director of Defendant Shark to provide a declaration confirming that all physical documents and ESI that contain Plaintiff's Trade Secrets were destroyed; and (vi) directing Defendants pay the full cost of preserving all ESI.

5. Plaintiff's request is knowingly deficient as Defendants previously offered to provide Plaintiff with Defendant Ovodova's ESI and a sworn declaration by the principles of Defendant Shark and Defendant Ovodova that it does not have any of Plaintiff's supposed trade secrets. This was offered to avoid Defendant Shark having to expend considerable fees in opposing a purely meritless acquisition that it was in possession and using Plaintiff's customer list.

6. However, that apparently was not sufficient for Plaintiff, as it seeks to also have access to Defendant Shark's ESI, which contains Defendant Shark's own trade secrets.

7. This request by Plaintiff during pre-litigation discussions was a non-starter for Defendant Shark, as it is not prepared to provide its confidential and proprietary information to Plaintiff when they have failed to make a showing that Defendant Shark is in possession of any of Plaintiff's Trade Secrets.

8. As further detailed in the Declaration of Andrew Adamo and Declaration of Ekaterina Ovodova, Defendants are not in possession of any of Plaintiff's Trade Secrets.

9. As such, it is Defendant Shark's position that it has previously offered to provide Plaintiff with precisely what it would be entitled to here, as Defendant Shark is not in possession of any of Plaintiff's Trade Secrets.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 5, 2024.

                                              */s Kyle F. Monaghan, Esq.*
                                              Kyle F. Monaghan, Esq.