**Smikun Law, PLLC**
**Attorney at Law**
**80-15 188th Street, Suite 202**
**Queens, New York 11423**
**Telephone: 718-928-8820**
**Fax: 718-732-2868**
**Email: alan@smikunlaw.com**

April 12, 2024

**VIA ECF FILING**
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Honorable Diana Gujarati, U.S.D.J.

        **Re:**        Bullion Exchange LLC v. Bullion Shark, *et. al.*
        **Case No.:**   24-cv-00467-DG-JMW

Dear Judge Gujarati,

      This Firm represents Defendant Ekaterina Ovodova ("Ovodova") in the above-entitled matter. Ovodova joins with the Co-Defendant, Bullion Shark, LLC, ("Shark") to request a pre-motion conference to schedule and obtain leave to file a motion to dismiss the Complaint for Plaintiff's failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

      "To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *See Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013). A complaint be dismissed if it fails to allege specific facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff, therefore, must provide the factual grounds of its claims and substantially more than a "formulaic recitation of the elements of a cause of action." *See Twombly*, 550 U.S. at 555. The complaint must establish that defendants have plausible, rather than merely possible, liability. *See Iqbal*, 556 U.S. at 680. A complaint that is implausible on its face must be dismissed. *See Icebox-Scoops, Inc. v. Disney Enters.*, 520 Fed. Appx. 3, 4 (2d Cir. 2013).

      "'To state a claim for trade secret misappropriation under the [Defend Trade Secrets Act ("DTSA")], a plaintiff must plausibly allege that (1) it possessed a trade secret, and (2) the defendant misappropriated the trade secret.'" *AA Med. P.C. v. Almansoori*, 2023 U.S. Dist. LEXIS 207487, *20 (E.D.N.Y. Oct 4. 2023) (*quoting Rodney v. United Masters*, 2023 U.S. Dist. LEXIS 33499, *5 (E.D.N.Y. Feb. 10, 2023)).

    **A. <u>Plaintiff Has Not Sufficiently Pled a Trade Secret</u>**

      "[C]laimants must identify trade secrets with 'sufficient specificity' and put the 'defendant on notice of the bases for the claim[s]' being pled. *Id.* (*quoting Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 68 F.4th 792, 801 (2d Cir. 2023)). "The DTSA defines 'trade secret' to include 'all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes,' so long as:

(1) 'the owner thereof has taken reasonable measures to keep such information secret' and (2) 'the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.'" *AA Med. P.C. v. Almansoor*i, 2023 U.S. Dist. LEXIS 207487, *21-22 (E.D.N.Y. Oct 4. 2023) (*quoting* 18 U.S.C. § 1839(3)). Moreover, a lone statement that the alleged trade secret derives an economic benefit because it is not generally known to or readily ascertainable through proper means by another person who can get financial value from disclosure or using the insufficient to demonstrate that there was economic value to be gained from the documents or trade secret. *Id*. (internal citations omitted). Instead, there must be sufficient facts alleged to show how the trade secret was developed, its value to the company, and that it was kept secret. *See Core SWX LLC*, 2022 U.S. Dist. LEXIS 125198 at *26 (finding it vague that defendants merely stated that the information derived economic value and was not readily ascertainable through proper means and were damaged as a result of the misappropriation); *Intrepid Fin. Partners, LLC*, 2020 U.S. Dist. LEXIS 244742 at *15-16 (finding that the amended complaint lacked sufficient facts to plausibly plead a DTSA claim "as opposed to the general proposition that there is a broad range of confidential information that is valuable to Intrepid, that all of its employees are obliged to keep confidential, and that would provide a commercial advantage to competitors"); *cf Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 68 F.4th 792, 801 (2d Cir. 2023) (finding that each trade secret was adequately described and plaintiff provided information how it was developed; its value to the company; and that it was kept secretly). Here, Plaintiff has failed to allege sufficient facts to state a plausible claim that its marketing plan is a trade secret.

    Plaintiff has failed to plausibly allege a trade secret.  A complaint that only claims general categories of information and data as trade secrets does not state a claim under the DTSA because it does not adequately put the defendant on sufficient notice of the contours of the claim for misappropriation." *Aira Jewels, LLC v. Mondrian Collection, LLC*, 2024 U.S. Dist. LEXIS 54204, *9 (S.D.N.Y. 2024).  (Aira Jewels "does not, for example, offer any particulars of how its strategies and plans function or any other basis for the Court to discern exactly what information it alleges [that Defendants] misappropriated, let alone whether that information is protectable.").

    Here, Plaintiff provides threadbare assertion that its Proprietary Marketing Strategy and customer list are trade secrets. This is insufficient at the pleading stage. *Garvey v. Face of Beauty, LLC*, 634 F. Supp. 3d 84, 96 (S.D.N.Y. 2022) (allegations of "trade secrets, including information about running a business, advertising and promotional strategies, a customer and supplier list, and pricing information that [the former employer] had acquired through great expense and labor" were insufficient to allege existence of a trade secret (quotation marks omitted)); *TRB Acquisitions LLC v. Yedid, 2021 U.S. Dist. LEXIS 16513*, *2 (S.D.N.Y. Jan. 28, 2021) (description of "core brand and marketing plan strategy" was "far too general to state a DTSA claim").

    Moreover, Plaintiff does not allege sufficient facts to show how its Propriety Marketing Strategy was developed, its value to Plaintiff and that it was kept secret. Instead, Plaintiff merely alleges that its marketing strategy is based on "marketing research compiled using the sales data from [its] customers] as a key component." *See* ECF Doc. No. 1, ¶ 25. Plaintiff further alleges that its marketing strategy is comprised of its "search engine optimization tools". *See* ECF Doc. No. 1, ¶ 52. Noticeably absent is what the marketing research is, how it was developed, what the search optimization tools are and how it derives independent value. Ovodova submits this is because the "search optimization tools" are essentially what happens when a potential customer searches on google or another search engine for products. This information is not a proprietary trade secret of

Plaintiff, as a person or entity has an ability to pay an independent party to provide information relating to information from search engines such as google. *See In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 255 (S.D.N.Y. 2009) (holding that marketing strategies are not trade secrets where the plaintiff "failed to explain what particular information about the particular . . . marketing techniques are not already public [and] are not already commonly known in the industry"); *Marietta Corp. v. Fairhurst,* 301 A.D.2d 734, 754 N.Y.S.2d 62, 67 (N.Y. App. Div. 2003) (concluding that "pricing data and market strategies . . . would not constitute trade secrets"); *see also Silipos, Inc. v. Bickel*, No. 06 Civ. 2205, 2006 U.S. Dist. LEXIS 54946, 2006 WL 2265055, at *4 (S.D.N.Y. Aug. 8, 2006) ("[T]rade-secret protection does not extend to information regarding market strategies." (internal quotation marks omitted)

Plaintiff alleges mere legal conclusions. The Proprietary Marketing Strategy is derived from readily available information to the public and it does not provide Plaintiff with any competitive advantage. The vague allegations as contained in the complaint are insufficient to show what exactly Plaintiff's marketing strategy is comprised of and must not be considered a trade secret. Accordingly, Plaintiff cannot establish that its marketing plan is a trade secret pursuant to the DTSA, warranting dismissal of that claim with respect to the proprietary marketing plan.

### B. There is no Plausible Claim that Ovodova Misappropriated Plaintiff's Customer List

To establish misappropriation "[u]nder the DTSA, 'a party must show an unconsented disclosure or use of a trade secret by one who (i) used improper means to acquire the secret, or, (ii) at the time of disclosure, knew or had reason to know that the trade secret was acquired through improper means, under circumstances giving rise to a duty to maintain the secrecy of the trade secret, or derived from or through a person who owed such a duty.'" *AA Med. P.C. v. Almansoori*, 2023 U.S. Dist. LEXIS 207487, *32 (E.D.N.Y. Oct 4. 2023) (*quoting Amimon Inc. v. Shenzhen Hollyland Tech Co.*, 2021 U.S. Dist. LEXIS 229162, *29 (S.D.N.Y. Nov. 30, 2021).

Plaintiff alleges that Ovodova emailed their customer list and that she is using and/or shared that list with Shark. Plaintiff further alleges, that Ovodova could easily sell Plaintiff's customer lists to other competitors, if [she] has not done so already. *See* ECF Doc. No. 1, ¶ 80. Plaintiff also alleges that Ovodova is using the Plaintiff's Proprietary Marketing Plan and customer list to drive business to Shark and improve their brand recognition. *Id.*, at ¶ 108. Simply put, Plaintiff has no knowledge that Ovodova is in possession of and whether she is utilizing any of Plaintiff's supposed trade secrets. Thus, Plaintiff cannot allege sufficient facts to show that it is plausible that Defendant Ovodova misappropriated Plaintiff's customer list. *See Medquest Ltd. v. Rosa*, 2023 U.S. Dist. LEXIS 46830, *16 (S.D.N.Y. 2023); *and see Frydman v. Verschleiser*, 172 F. Supp. 3d 653, 674-75 (S.D.N.Y. 2016) (dismissing claim that a defendant "conspired to steal the Stolen Trade Secrets" and "effected the scheme through [another individual]" as conclusory).

These conclusory statements by Plaintiff, without any knowledge of any specific acts taken by Ovodova to misappropriate Plaintiff's alleged trade secrets, are insufficient to survive a motion to dismiss.

Dated: Hollis, New York
     April 12, 2024

SMIKUN LAW, PLLC

*/s/ Alan Smikun*
Alan Smikun, Esq.

**cc :** Stephen Eric Turman, Esq., *for Plaintiff and* Kyle Monaghan., for Bullion Shark, LLC