# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

<u>VIA ECF</u>                                                                                                     April 12, 2024
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Diane Gujarati, U.S.D.J.
225 Cadman Plaza East
Brooklyn, NY 11201-1804

       *Re*:    **Bullion Exchange LLC v. Bullion Shark, LLC, et ano.**
                **<u>Case No.: 2:24-cv-00467 (DG) (JMW)</u>**

Dear Judge Gujarati:

      This firm represents Bullion Shark, LLC ("Defendant Shark") in the above referenced case. Defendant Shark submits this request pursuant to this Court's Individual Practice Rules for a pre-motion conference to be scheduled for the purposes of obtaining the Court's permission to file a motion to dismiss the Complaint. Specifically, Defendant Shark seeks to move to dismiss Plaintiff's sole federal cause of action, the Defend Trade Secrets Act ("DTSA") based upon Plaintiff's failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

      Plaintiff, Bullion Exchange LLC ("Plaintiff"), is the former employer of the co-defendant Ekaterina Ovodova ("Defendant Ovodova"). Plaintiff alleges "upon information and belief" that Defendant Ovodova stole its customer list and its supposed marketing strategy and is using the customer list and marketing strategy. However, Plaintiff does not have any knowledge or information that (1) Defendant Ovodova shared the list with Defendant Shark; (2) Defendant Ovodova is using the customer list or marketing plan; or (3) that Defendant Shark is utilizing the customer list or marketing plan in its current business. Tellingly, Plaintiff was unable to allege a single customer that supposedly had been stolen or otherwise contacted based upon any alleged misappropriation of the customer list or marketing plan.

      "To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." See <u>Johnson v. Priceline.com, Inc., 711 F.3d 271, 275 (2d Cir. 2013)</u>. A complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and must be dismissed if it fails to allege specific facts. See <u>Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)</u> (citing <u>Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)</u>. Plaintiff, therefore, must provide the factual grounds of its claims and substantially more than a "formulaic recitation of the elements of a cause of action." See <u>Twombly, 550 U.S. at 555</u>. The complaint must establish that defendants have plausible, rather than merely possible, liability. See <u>Iqbal, 556 U.S. at 680</u>. A complaint that is implausible on its face must be dismissed. See <u>Icebox-Scoops, Inc. v. Disney Enters., 520 Fed. Appx. 3, 4 (2d Cir. 2013)</u>.

      "To state a claim for trade secret misappropriation under the DTSA, a plaintiff must plausibly allege that (1) it possessed a trade secret, and (2) the defendant misappropriated the trade secret." <u>AA Med. P.C. v. Almansoori, 2023 U.S. Dist. LEXIS 207487, *20 (E.D.N.Y. Oct 4. 2023)</u> (internal citations omitted)

### A. Plaintiff Has Not Sufficiently Pled a Trade Secret

"[C]laimants must identify trade secrets with 'sufficient specificity' and put the 'defendant on notice of the bases for the claim[s]' being pled. Id. (quoting Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc., 68 F.4th 792, 801 (2d Cir. 2023)). "The DTSA defines 'trade secret' to include 'all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes,' so long as: (1) 'the owner thereof has taken reasonable measures to keep such information secret' and (2) 'the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.'" Id., at *21-22 (quoting 18 U.S.C. § 1839(3)). A lone statement that the alleged trade secret derives an economic benefit because it is not generally known to or readily ascertainable through proper means by another person who can get financial value from disclosure or using the insufficient to demonstrate that there was economic value to be gained from the documents or trade secret is insufficient. Id. (internal citations omitted). Instead, there must be sufficient facts alleged to show how the trade secret was developed, its value to the company, and that it was kept secret. See Core SWX, LLC v. Vitec Grp. US Holdings, Inc, 2022 U.S. Dist. LEXIS 125198, *26 (E.D.N.Y. Jul. 14, 2022) (finding it vague that defendants merely stated that the information derived economic value and was not readily ascertainable through proper means and were damaged as a result of the misappropriation).

Here, Plaintiff has failed to allege sufficient facts to state a plausible claim that its marketing plan is a trade secret. A complaint that only claims general categories of information and data as trade secrets does not state a claim under the DTSA because it does not adequately put the defendant on sufficient notice of the contours of the claim for misappropriation." See Aira Jewels, LLC v. Mondrian Collection, LLC, 2024 U.S. Dist. LEXIS 54204, *9 (S.D.N.Y. 2024).

Moreover, Plaintiff only provides threadbare assertions that its marketing strategy and customer list are trade secrets. This is insufficient at the pleading stage. Garvey v. Face of Beauty, LLC, 634 F. Supp. 3d 84, 96 (S.D.N.Y. 2022) (allegations of "trade secrets, including information about running a business, advertising and promotional strategies, a customer and supplier list, and pricing information that [the former employer] had acquired through great expense and labor" were insufficient to allege existence of a trade secret). Plaintiff merely alleges that its marketing strategy is based on "marketing research compiled using the sales data from [its] customers] as a key component." See ECF Doc. No. 1, ¶ 25. Plaintiff further alleges that its marketing strategy is comprised of its "search engine optimization tools". Id., at ¶ 52. Noticeably absent is what the marketing research is, how it was developed, what the search optimization tools are and how it derives independent value. Defendant Shark submits this is because the "search optimization tools" are essentially what happens when a potential customer searches on google or another search engine for products. This information surely is not a proprietary trade secret of Plaintiff, as a person or entity has an ability to use an independent party to provide information from search engines such as google. See In re Parmalat Sec. Litig., 258 F.R.D. 236, 255 (S.D.N.Y. 2009) (holding that marketing strategies are not trade secrets where the plaintiff "failed to explain what particular information about the particular . . . marketing techniques are not already public [and] are not already commonly known in the industry"); Marietta Corp. v. Fairhurst, 301 A.D.2d 734, 738 (N.Y. App. Div. 2003) (concluding that "pricing data and market strategies" did not constitute

2

trade secrets); see also Silipos, Inc. v. Bickel, No. 06 Civ. 2205, 2006 U.S. Dist. LEXIS 54946, 2006 WL 2265055, at *4 (S.D.N.Y. Aug. 8, 2006) ("[T]rade-secret protection does not extend to information regarding market strategies." (internal quotation marks omitted).

Instead, Plaintiff merely alleges a legal conclusion by stating that this information is not available to the general public and that it provides Plaintiff with a competitive advantage. This vague allegation is insufficient to show what exactly Plaintiff's marketing strategy is comprised of and must not be considered a trade secret. Accordingly, Plaintiff cannot establish that its marketing plan is a trade secret pursuant to the DTSA, warranting dismissal.

### B. It is not Plausible that Defendant Shark Misappropriated Plaintiff's Customer List

The DTSA claim also fails because of the insufficiently plead "misappropriation" element of the claim. "[T]here are three ways to establish misappropriation under the DTSA: improper acquisition, disclosure, or use of a trade secret without consent.'" " AA Med. P.C., 2023 U.S. Dist. LEXIS 207487 at *32; see also Altman Stage Lighting, Inc. v. Smith, 2022 U.S. Dist. LEXIS 22699, *10 (S.D.N.Y. Feb. 8, 2022). Plaintiff cannot allege beyond "upon information and belief" that Defendant Shark misappropriated Plaintiff's customer list and is using the information to compete with Plaintiff, warranting dismissal of Plaintiff's DTSA claim regarding the customer list.

Plaintiff alleges nothing more than pure speculation about whether Defendant Shark, in fact, is in possession of the customer list. The relevant allegations are formulated using the vague "upon information and believe" qualifier. This signals that Plaintiff does not know whether Defendant Shark is in possession of any of Plaintiff's supposed trade secrets, sufficient to dismiss the DTSA claim against Defendant Shark. For example, Plaintiff alleged "upon information and belief" that Defendant Shark encouraged Defendant Ovodova to misappropriate Plaintiff's customer list, that Defendants could easily sell Plaintiff's customer lists "if they have not done so already", and that Defendant Ovodova is using Plaintiff's trade secrets to drive business to Defendant Shark. See ECF Doc. No. 1, ¶ 58, 101, 145, 80, 108. Even more troubling, Plaintiff can only allege that Defendant Ovodova made copies of the customer list and emailed them to herself, yet somehow jumps to the conclusion that Defendant Shark is now using Plaintiff's customer list. Simply put, Plaintiff has no knowledge of what Defendant Shark is in possession of, whether Defendant Shark requested Defendant Ovodova to take Plaintiff's customer list and whether Defendant Shark is using any of Plaintiff's supposed trade secrets. Thus, Plaintiff cannot allege sufficient facts to show that it is plausible that Defendant Shark misappropriated Plaintiff's customer list. See Medquest Ltd. v. Rosa, 2023 U.S. Dist. LEXIS 46830, *16 (S.D.N.Y. 2023) ("speculative allegations are not sufficient to allege misappropriation of a trade secret.").

These conclusory statements by Plaintiff, without any knowledge of any specific acts taken by Defendant Shark to misappropriate Plaintiff's alleged trade secrets, are insufficient to survive a motion to dismiss. Therefore, Defendant Shark requests leave to file a motion to dismiss.

Dated: Lake Success, New York
April 12, 2024

                  **MILMAN LABUDA LAW GROUP PLLC**

                    */s Kyle F. Monaghan, Esq.*
                  Kyle F. Monaghan, Esq.

cc:  All counsel of record (via ECF)