

**Stephen E. Turman**
Member
NY & NJ Bars
Email: sturman@turmanlegal.com

April 19, 2024

**VIA ECF**

Judge Diane Gujarati
United States District Court, Eastern District New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Letter Responding to Pre-Motion Letter for Motion to Dismiss

*Bullion Exchange LLC v. Bullion Shark, LLC, and Ekaterina Ovodova*
Case No. 24-CV-00467-DG-JMW

Dear Judge Gujarati:

This firm represents Bullion Exchange LLC ("Bullion Exchange"), the Plaintiff in the above-referenced matter. On April 12, 2024, Defendants Bullion Shark, LLC ("Bullion Shark") and Ekaterina Ovodova ("Ovodova") submitted letters requesting pre-motion conferences (ECF Docs. 37 and 38) concerning their proposed motions to dismiss. While the Defendants frame their requests under FRCP 12(b)(6), the substance of their arguments suggests they primarily seek a determination on the merits of this case without affording Bullion Exchange the opportunity for discovery.

As the Court is aware, Bullion Exchange has initiated a motion, brought by order to show cause (ECF No. 7) for a temporary restraining order and a preliminary injunction. This motion seeks to prohibit Defendants from using, disseminating, and benefiting from Bullion Exchange's trade secrets, including its proprietary marketing strategies and customer lists, that Defendant Ovodova misappropriated the day before she notified Bullion Exchange of her resignation. The proprietary nature of these materials is thoroughly articulated within the Complaint and further elaborated in the Declaration of Ernest Gozenput dated January 18, 2024 (ECF No. 8), and the Reply Declaration of Ernest Gozenput dated April 19, 2024 (ECF No. 39).

On April 5, 2024, Defendants submitted their opposition to Plaintiff's motion for a preliminary injunction. In their opposition papers, Defendants do not suggest that any alleged deficiency of the complaint impaired their ability to respond to the motion. To the contrary, Defendants' detailed opposition—while not persuasive—illustrates that Defendants are fully aware of specific allegations in the complaint which are more than adequate to put Defendants on reasonable notice of the claims for purposes of resolving the pending motion. Perhaps it is

---



for this reason that Defendants submitted their letters requesting a pre-motion conference on April 12, 2024—a week after the Defendants' opposition to Bullion Exchange's preliminary injunction motion was submitted.  As of April 19, 2024, Bullion Exchange's Motion for a preliminary injunction has been fully briefed and submitted for adjudication.

      The comprehensive allegations within the Complaint more than satisfy the requirements set forth by FRCP 8 and would withstand the scrutiny anticipated by a FRCP 12(b)(6) motion to dismiss.  Nevertheless, to avoid unnecessary judicial expenditures and conserve resources that Defendants' proposed motion would entail, Bullion Exchange intends to amend its complaint as of right pursuant to FRCP 15(a) to amplify certain factual allegations questioned by Defendants.  Plaintiff believes the amended complaint will render Defendants' proposed motion moot.  Moreover, the filing of the amended complaint should not delay the timely adjudication of the fully briefed and submitted motion for a preliminary injunction.

      It is regrettable that the customary and collegial practice of a meet and confer was overlooked by the Defendants prior to their formal requests for a pre-motion conference. Had the Defendants' requested a meet and confer to discuss these issues, we could have circumvented the need for this exchange of letters with the Court.  Due to the Passover holiday and my client's and my vacation schedules, I respectfully request that the Court permit Plaintiff to file the First Amended Complaint on or before May 17, 2024.  We appreciate the Court's attention to these matters and are prepared to follow any directives the Court may provide.

      Respectfully submitted,

      *Stephen Turman*

      Stephen E. Turman