

**Stephen E. Turman**
Member
NY & NJ Bars
Email: sturman@turmanlegal.com

September 12, 2024

**VIA ECF**

Judge Diane Gujarati
United States District Court, Eastern District New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Letter Motion For Stay and Continuation of Mediation Process

*Bullion Exchange LLC v. Bullion Shark, LLC, and Ekaterina Ovodova*
Case No. 24-CV-00467-DG-JMW

Dear Judge Gujarati;

This firm represents Bullion Exchange LLC ("Plaintiff" or "Bullion Exchange") in the above-referenced matter. We are submitting this letter as a joint letter motion by Plaintiff, Bullion Exchange LLC ("Bullion Exchange"), Defendant Bullion Shark, LLC, and Defendant Ekaterina Ovodova ("Ovodova") requesting a ninety (90) day stay of this proceeding to enable to the parties to continue the mediation process based on the understanding outlined below.

Following a mediation session on August 21, 2024, the parties continued discussions and ultimately agreed to exchange additional information to facilitate a more meaningful settlement discussion with the assistance of independent experts. The parties believe that without utilizing the process described below, an amicable resolution is unlikely. This letter is therefore submitted as a joint letter motion by the parties requesting the Court's approval of the relief described herein.

To provide the Court with further context, Bullion Exchange asserts that Defendant Ekaterina Ovodova ("Ovodova"), while employed by Bullion Exchange, misappropriated confidential customer lists, which she emailed to her personal account the day before her resignation. Ovodova subsequently joined Defendant Bullion Shark, LLC ("Bullion Shark") as its Head of eCommerce. Bullion Exchange contends that these confidential materials, particularly its customer lists, were improperly used by Bullion Shark and Ovodova to target Bullion Exchange's customers, resulting in significant harm to Bullion Exchange. On the other hand, Bullion Shark contends that it never received any customer list or other confidential



Judge Diane Gujarati
September 12, 2024
Page 2

material from Ovodova and, therefore, has not engaged in any misappropriation, either directly or indirectly through Ovodova. Ovodova similarly contends that the information that she sent to herself as described above was for her use as an employee of Bullion Exchange. Ovodova further contends that she did not disseminate or share this information with any person or entity and that she has subsequently deleted any of Bullion Exchange's information.

The parties agree that they are not currently in a position to settle this case due to a lack of trust and transparency. However, they believe that the assistance of independent experts, the process detailed below may facilitate a resolution.

### 1. Statistician/Data Analyst

The parties have agreed to retain an independent statistician to compare all contacts uploaded by Bullion Shark to its CRM and retargeting/marketing providers from August 1, 2023, to the present, with the contacts from the lists downloaded by Defendant Ovodova on September 6, 2023. This expert will assess the number of overlapping contacts between the Bullion Shark and Bullion Exchange lists and conduct a statistical analysis to determine whether there is any overlap of the lists to determine whether there is a likelihood that Bullion Exchange's lists were used by Bullion Shark in its marketing efforts. We expect this analysis to provide a neutral assessment of whether Bullion Shark's contacts align with the confidential information allegedly misappropriated from Bullion Exchange. Bullion Exchange has agreed to pay half of the expert's fees and costs, with the remaining fifty percent (50%) to be borne by Bullion Shark and Ovodova, who will determine among themselves how to allocate their share of the expenses.

### 2. Forensic IT Professional

The parties will also retain a forensic IT professional to inspect and analyze Defendant Ovodova's computers and devices to determine how Bullion Exchange's customer lists and confidential data were handled by Ovodova. This expert will seek to confirm (if possible) that Ovodova no longer possesses Bullion Exchange's confidential information and determine whether this information was shared with any other person or entity. This forensic analysis is necessary to establish whether the confidential information was used or disseminated further, a key element of Plaintiff's claims. The cost of this expert will be borne by Ovodova and/or a combination of Ovodova and Bullion Shark as determined by those parties.



Judge Diane Gujarati
September 12, 2024
Page 3

### 3. Selection of Independent Experts

The parties will mutually agree on the selection of independent experts within four weeks of the Court's approval of the relief requested herein. Additionally, it is understood that the reports generated by the statistician and forensic IT professional may be used by any party in this litigation, and the experts may be called to testify if necessary.

### 4. Continuation of Negotiations Post-Expert Reports

Upon receipt of the experts' reports, each party will review the findings and continue settlement negotiations with the assistance of the mediator, Erica Garay. Ms. Garay has agreed to continue serving in this role, subject to the Court's approval of the requested relief. The parties anticipate that the expert reports will provide clarity regarding the extent of the misappropriation claims and assist in determining a path forward. It is Defendants' position that upon receipt of the reports, it will demonstrate that there was no misappropriation of Plaintiff's information. If the parties cannot settle the matter following this process, they have agreed that the independent experts' reports may be used as evidence in the case, and the experts may testify on behalf of any party (with the requesting party bearing the cost of the expert's time and expenses).

### 5. Request for Stay

The parties hope that the agreed-upon process will yield objective, independent analyses regarding the alleged use or nonuse of confidential information and misappropriated data. The expert reports should provide insight into the factual underpinnings of the case and are expected to either facilitate resolution or narrow down the issues that must be addressed through what could otherwise be a contentious and costly discovery process. Accordingly, we respectfully request that the Court stay this matter for ninety (90) days to allow for the completion of this process. The parties will submit a joint status report at the conclusion of this period.



Judge Diane Gujarati
September 12, 2024
Page 4

  We appreciate the Court's attention to this matter and are prepared to follow any directives the Court may provide.

                Respectfully submitted,

                *Stephen Turman*
                STEPHEN E. TURMAN

cc:  All Parties Appearing (via ECF)

---