UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BULLION EXCHANGE LLC,

                Plaintiff,

        v.                                           **ORDER**
                                                    24-CV-00467-SJB-JMW

BULLION SHARK, LLC and EKATERINA
OVODOVA,

                Defendants.
------------------------------------------------------------------------X

**BULSARA, United States District Judge:**

      Plaintiff Bullion Exchange LLC ("Exchange") filed this action against Defendants Bullion Shark, LLC ("Shark") and Ekaterina Ovodova ("Ovodova") (collectively "Defendants") for alleged misconduct involving misappropriation of confidential information and trade secrets. (Compl. dated Jan. 22, 2024, Dkt. No. 1). On April 11, 2025, Exchange moved to amend its Complaint. (Mot. to Amend, Dkt. No. 58; Proposed Second Am. Compl. ("PSAC"), attached as Ex. B to Decl. of Eugene Bondar dated Feb. 28, 2025, Dkt. No. 59). Magistrate Judge James M. Wicks issued a Report and Recommendation ("R&R") that Exchange's motion be granted in part and denied in part. (R. & R. dated May 15, 2025 ("R&R"), Dkt. No. 71). For the reasons that follow, the Court adopts Judge Wicks's recommendation in its entirety.[1]

---

[1] After Judge Wicks issued his R&R, Exchange and Shark each filed objections. (Def. Shark's Obj. dated June 6, 2025 ("Def. Shark's Obj."), Dkt. No. 76); (Pl. Exchange's Obj. dated June 6, 2025 ("Pl. Exchange's Obj."), Dkt. No. 77). Ovodova did not file any objections, nor did Exchange or Shark file oppositions in response to the objections.

STANDARD OF REVIEW

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). For dispositive matters, if a party timely objects to the magistrate judge's recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022). If no objections have been made, the district judge "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) ("Where . . . a party receives clear notice of the consequences of not objecting to a report and recommendation, the party's failure to object to any purported error or omission in a magistrate judge's report results in the district court's review only for clear error[.]"). The clear error standard also applies when a "party makes only conclusory or general objections," or "when the objections are nonspecific or merely perfunctory responses[.]" *Miller*, 43 F.4th at 120 (quotations omitted).

"As to a nondispositive matter, '[t]he district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law.'" *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) (alterations in original) (quoting Fed. R. Civ. P. 72(a)); *e.g., Sampedro v.*

2

*Silver Point Cap., L.P.*, 958 F.3d 140, 142 n.1 (2d Cir. 2020) ("The district court properly reviewed the magistrate judge's order for clear error, since the decision . . . was nondispositive[.]" (citations omitted)).² Importantly, "[i]n considering objections to an R. & R., the district court will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."  *United States v. Veeraswamy*, 765 F. Supp. 3d 168, 180–81 (E.D.N.Y. 2025) (quotations omitted) (collecting cases); *e.g.*, *Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020) ("[T]his argument was raised for the first time in his objections to the Magistrate Judge's [report].  [The district judge] correctly declined to allow [plaintiff] to make an about-face in those objections to advance a theory of liability that . . . had not been raised . . . before the Magistrate Judge.").

## DISCUSSION

I.   **Counts I and II: Violation of the Defend Trade Secrets Act and Misappropriation of Trade Secrets**

Judge Wicks recommended granting Exchange's proposed amendments to its first and second claims—for violations of the Defend Trade Secrets Act and state law misappropriation—predicated on Exchange's customer lists, but not for any claims based on Exchange's marketing strategy.  (R&R at 18–20).  He found that the allegations in the proposed amendments satisfied the elements required for both claims.  (*Id.*)

---

² A decision on a motion to amend is considered nondispositive. *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("As a matter of case management, a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent.") (affirming denial of amendment by magistrate judge).

3

Shark contends that such a trade secret claim is futile, and that Judge Wicks erred when he failed to follow, or misapplied, two district court cases.[3] (*See* Def. Shark's Obj. at 1–4). But district court authority is merely persuasive, not binding, and in the absence of binding authority to the contrary, Judge Wicks's recommendations cannot amount to error warranting reversal.[4] *See United States v. Aventura Techs., Inc.*, 607 F. Supp. 3d 278, 282 (E.D.N.Y. 2022).

## II.  Count III: Unfair Competition

Exchange argues that a marketing strategy—even if not a trade secret—can be the basis of an unfair competition claim. (Pl. Exchange's Obj. at 2). Although "a claim of unfair competition [does not] require[] . . . the misappropriation of a trade secret" and "a plaintiff need not establish misappropriation of a trade secret . . . to state a claim for unfair competition," a plaintiff still must "demonstrate the bad faith misappropriation of a commercial advantage which belonged exclusively to him." *Big Vision Priv. Ltd. v. E.I. du Pont de Nemours & Co.*, 610 F. App'x 69, 70–71 (2d Cir. 2015) (quotations omitted). Judge Wicks found that Exchange failed to allege exclusivity, (R&R at 21), a recommendation that Exchange ignores, and therefore could not make out an unfair competition claim. This is fatal to the objection.

---

[3] Shark alleges that the R&R misapplies *Onyx Renewable Partners L.P. v. Kao*, No. 22-CV-3720, 2023 WL 405019 (S.D.N.Y. Jan. 25, 2023), and fails to follow *SS&C Technologies Holdings, Inc. v. Arcesium LLC*, No. 22-CV-02009, 2024 WL 5186530 (S.D.N.Y. Dec. 20, 2024). (Def. Shark's Obj. at 1–4).

[4] On the other hand, Exchange objects to Judge Wicks's recommendation to exclude Exchange's marketing strategy, a basis for both claims. (Pl. Exchange's Obj. at 1–2). The same analysis applies—no binding authority cited by Exchange compels a contrary result—and there is, therefore, no clear error.

4

### III. Count VI: Unjust Enrichment

Judge Wicks recommended denying Exchange's motion to add an unjust enrichment claim because it was duplicative of its misappropriation claim. (R&R at 24). Exchange objects based on *Pauwels v. Deloitte LLP*. There, the Second Circuit explained that because "misappropriation is not an element of a claim for unjust enrichment under New York law . . . a plaintiff's claim for unjust enrichment does not necessarily rise or fall with a claim of trade secret misappropriation." 83 F.4th 171, 187 (2d Cir. 2023).

Exchange's reliance on *Pauwels* is misplaced. The result in *Pauwels* stems from plaintiff's ability to allege a distinct theory of liability for both claims, *see id.*, but Exchange fails to provide one here. Indeed, Exchange contends that the unjust enrichment flows from the alleged misappropriation of trade secrets, and Defendants leveraged that same information to "gain unfair business advantages and receive financial benefits." (Mem. of Law in Supp. of Mot. to Amend dated Feb. 28, 2025, Dkt. No. 60 at 30). In other words, based on the identical theory of liability, Exchange alleges a set of distinct injuries; the liability determination for both claims is coextensive. The Court agrees with Judge Wicks that in the face of such overlap the unjust enrichment claim should be dismissed. *See, e.g.*, *Select Rsch. Ltd. v. Amazon.com, Inc.*, No. 24-CV-6419, 2025 WL 2521158, at *8 (S.D.N.Y. Sept. 2, 2025) ("SRL's next claim—for unjust enrichment—is easily dismissed as duplicative . . . SRL's unjust enrichment claim turns on the same facts that form the basis for its trade secret misappropriation claims.").

5

**IV.     Counts VII and VIII: Breach of Contract and Breach of the Implied Duty of Good Faith and Fair Dealing**

Exchange objects to Judge Wicks's finding that it did not plead "any independent conduct that would form the basis for [a] . . . claim of breach of the covenant of good faith." (R&R at 25–26). Indeed, now Exchange concedes that "both claims involve overlapping facts." (Pl. Exchange's Obj. at 3).[5] Though Exchange contends Defendants acted in bad faith, it fails to articulate how the actions Ovodova took to breach her duty of good faith are separate from the actions she took to breach her employment contract. (*Compare* PSAC ¶ 192 (alleging breach of contract based on violation of Employee T&C and Theft Policy) *with* PSAC ¶ 198 (alleging breach of covenant of good faith based on the same)). Alleging that Ovodova's conduct amounts to bad faith, (PSAC ¶ 198), is simply a different legal conclusion attaching to the same conduct. And that is the essence of a duplicative claim. *See Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002) ("New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled."). There is, therefore, no clear error in Judge Wicks's recommendation to dismiss the covenant of good faith claim as duplicative.

---

[5] Exchange also relies on *Anexia, Inc. v. Horizon Data Solicitation Center, LLC.* (Pl. Exchange's Obj. at 3 (citing 165 N.Y.S.3d 831 (N.Y. Sup. Ct. 2022)). But *Anexia, Inc.* stands for the unremarkable proposition that a claim for breach of an implied duty of good faith and fair dealing can stand on its own, where the claim does "not create new duties that negate . . . [the] explicit rights under a contract." 165 N.Y.S.3d 831 at *4; *accord JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118, 128 (2d Cir. 2022).

6

**V.      Count IX: Tortious Interference with Business Relations**

Judge Wicks recommended the newly proposed claim for tortious interference with business relations be dismissed because Exchange failed to identify "potential customers or contracts that fell apart as a direct result of Defendants' alleged misconduct." (R&R at 27).[6]

District courts routinely dismiss claims for tortious interference where they fail to identify the relevant third party. *See, e.g.*, *Nirvana, Inc. v. Nestle Waters N. Am. Inc.*, 123 F. Supp. 3d 357, 380 (N.D.N.Y. 2015) (finding that "the failure to identify the specific potential customers or the third-party businesses" was "fatal"); *Four Finger Art Factory, Inc. v. Dinicola*, No. 99-CV-1259, 2000 WL 145466, at *7 (S.D.N.Y. Feb. 9, 2000) (dismissing a claim where "the complaint d[id] not specify any business relations with third parties with which any of the defendants interfered[.]"). Accordingly, finding no clear error, the Court adopts Judge Wicks's recommendation to dismiss this claim.[7]

---

[6] Exchange argues that under *Catskill Development, L.L.C. v. Park Place Entertainment Corp.*, reversal is warranted. (Pl. Exchange's Obj. at 4). *Catskill Development* does not address the specificity element, and in fact, the plaintiffs had identified the third party whose relationship was disrupted. 547 F.3d 115, 132 (2d Cir. 2008).

[7] Neither Exchange nor Shark filed objections to Judge Wicks's recommendations on counts IV, V, and VII. Having reviewed those sections of the R&R for clear error and finding none, Exchange is granted leave to amend those claims. (R&R at 22–25). Judge Wicks also recommended granting Exchange leave to amend paragraphs 108 and 109 of its Complaint. (R&R at 28; PSAC ¶¶ 108–09). Shark disputes the factual accuracy of the allegations in the proposed paragraphs. (Def. Shark's Obj. at n.2). Such merits arguments are not appropriate on a motion to amend, and so the Court adopts the recommendation, which is free of clear error.

CONCLUSION

Judge Wicks's diligent, thorough, and clear recommendation is adopted in its entirety and all the objections raised are overruled. Plaintiff is directed to file its Amended Complaint—which must be updated to conform to Judge Wicks's rulings—as a separate docket entry by **October 1, 2025**.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: September 17, 2025
Central Islip, New York